Vernon BRIGGS et al., Appellants,

v.

Beatrice LLOYD et al., Appellees.

No. 4520.

Court of Civil Appeals of Texas.

Waco.

July 28, 1966.

Rehearing Denied Sept. 8, 1966.

L. W. Anderson, Dallas, for appellants.

Bradley & Geren, Groesbeck, Dawson, Dawson & Price, Corsicana, Carl Cannon, Groesbeck, for appellees.

## OPINION

WILSON, Justice.

Defendants' points in this plea of privilege case are that there is insufficient evidence, or none, that they were guilty of negligence proximately causing an automobile collision as alleged, under subd. 9a of Art. 1995, Vernon's Ann.Tex.Civ.St.; and that the court erred in admission of evidence.

■ The location of the point of impact between the meeting vehicles was controverted, but there was evidence as to tire marks, debris and other physical circumstances which raised a reasonable inference and supported the implied finding of the trial court that defendants' vehicle was operated on its left side of the highway. The evidence as to the 450-foot distance the trailer-truck traveled following impact, and after it ran over large trees, fences and ditches before it was stopped by an embankment, having collided with a vehicle moving in the opposite direction, supports also the implied finding concerning speed as a proximate cause of the collision.

■ The evidence complained of consisted of testimony of a farmer living near the scene of the accident as to the location on the highway of debris and tire marks which he had observed. He testified also that the tire marks led from a point on defendants' side of the road a distance of 150 yards to the location of defendants' truck after the collision. The objection was that the evidence called for a conclusion and opinion, that the witness was not an experienced highway patrolman or engineer,

and was not qualified. The objections are untenable. The witness testified merely to physical facts which he observed, which required no special qualification, and which did not come within the scope of expert opinion evidence. He testified to observed data which are proper subjects of testimony by the ordinary, or lay witness. II McCormick & Ray, Texas Law of Evidence, Secs. 1435, 1451. The witness did not testify, as the points imply, concerning the "location of the accident."

Affirmed.